IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNIE BLEVINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | CV-06- |
| ) | JURY DEMAND |
| BELLSOUTH TELECOMMUNICATIONS,) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

I. **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 et seq. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 29 U.S.C. §621 et seq. providing for injunctive and other relief against age discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. Plaintiff timely filed his charge of age discrimination within 180 days of occurrence of the last discriminatory act.

3. The unlawful employment practices alleged herein below were committed by defendant within the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C.

§1391(b).

## II. PARTIES

4. Plaintiff, Johnnie Blevins, is a male citizen of the United States of America and a resident of the State of Alabama and is over the age of forty (40) years. At all times relevant to this action, Mr. Blevins has been employed by the defendant at its Gadsden, Etowah County, Alabama location.

5. The defendant, BellSouth Telecommunications, Inc., is an employer within the meaning of 29 U.S.C. §630(b) and is subject to suit under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. At all times relevant to this action, the defendant has employed at least twenty (20) or more employees.

## III. STATEMENT OF FACTS

6. The plaintiffs re-allege and incorporate by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. The defendant discriminated against the plaintiff on the basis of his age with respect to harassment, hostile work environment, discipline, work/job assignments, suspension and other terms and conditions of employment.

8. Plaintiff began his employment with defendant in May, 1972. Plaintiff's current position is Cable Repair/Facility Technician.

9. Plaintiff's date of birth is May 24, 1950.

10. During plaintiff's employment with defendant, he has been subject to discriminatory statements and treatment.

2

11. Such conduct that plaintiff has been subjected to includes: being asked "when are you going to retire old man and make room for some younger guys," being called, "old gray," "Grayhead," "see you are back at work old man," "good morning old man," "The old man's here," "Old buddy is here," "older men need to look at leaving," "older cable repair men need to look at retiring, and letting the younger men do more work," "Old Bud," "Old man," "Hi you old bastard," "when are you leaving old man," "old man, you need to leave, how much longer are you going to work," "you old fart," "old buddy, old man," "how is my crew doing this morning, you too old man," "darn old fart can I talk to you now old man," "old cableman," "what does it take to remind an old man to send paperwork in daily, well I guess I will have to start doing that for you, since you age won't let you remember to do it," "Old dog," "old fart what is going on with the old man today," "Hi old man what you up to," "old man you better calm down, what is wrong old man," and numerous other age related derogatory comments and conduct.

12. Plaintiff complained of the discriminatory treatment; however, no corrective action was taken.

13. As a result of the discriminatory treatment and plaintiff's complaints of discrimination, plaintiff was subjected to discipline, suspension, and other unfavorable terms and conditions of employment.

14. Defendant engages in a pattern and practice of discrimination.

15. Defendant's conduct was willful, malicious, and/or in reckless disregard for plaintiff's protected rights.

3

16. Defendant's conduct resulted in plaintiff suffering emotional damages.

17. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, liquidated damages, injunctive and declaratory judgments. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### A. CLAIM ONE - AGE DISCRIMINATION

18. The plaintiff re-alleges and incorporates by reference paragraphs 1-17 with the same force and effect as if fully set out in specific detail hereinbelow.

19. During plaintiff's employment, he has been forced to work under discriminatory terms and conditions of employment which include being subjected to a hostile work environment on the basis of his age and subjected to discriminatory discipline, suspension and other unfavorable terms and conditions of employment.

20. The harassment which the plaintiff has been subjected to was unwelcomed, based on age, and was severe and pervasive so that it affected the terms and conditions of plaintiff's employment. Defendant is liable for such harassment and such harassment was continuing in nature.

21. The plaintiff complained to management about the discrimination and harassment. However, defendant failed to take prompt and adequate action.

22. Because of such conduct, plaintiff has suffered severe emotional distress, embarrassment

4

and humiliation.

23. The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

24. The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.  CLAIM TWO - RETALIATION**

25. The plaintiff re-alleges and incorporates by reference paragraphs 1-24 with the same force and effect as if fully set out in specific detail hereinbelow.

26. Plaintiff complained to management about the discrimination and harassment.

27. As a result of his complaints, the plaintiff has been retaliated against by the defendant in regard to discipline, suspension and other terms and conditions of employment for his opposition to unlawful employment practices.

28. Plaintiff engaged in protected activity and defendant's retaliatory conduct was causally related to such activity.

29. Because of such conduct, the plaintiff has suffered severe emotional distress, embarrassment and humiliation.

30. The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

31. The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and

declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured under the Age Discrimination and Employment Act, 29 U.S.C. §621 et. seq.

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding him the position he would have occupied in the absence of age discrimination, back-pay (plus interest), front-pay, lost seniority, lost benefits, and liquidated damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Benjamin J. De Gweck
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/ 314-0500

## JURY DEMAND

PLAINTIFFS HEREBY DEMANDS TRIAL BY A STRUCK JURY

/s/ Rocco Calamusa, Jr.
OF COUNSEL

Defendant's Address

BellSouth Telecommunications, Inc.
c/o Registered Agent
Prentice Hall Corporation Systems, Inc.
150 S. Perry Street
Montgomery, Alabama 36104